FILED
CHARLOTTE, NC
JUL 25 2024
US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO.: 3:24-cr-00067

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CONSENT ORDER AND |
| v. | ) JUDGMENT OF FORFEITURE |
| | ) PENDING RULE 32.2(c)(2) |
| (2) SAMSON AMOS | ) |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third-party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

> **Approximately $43,028.80 in funds seized on or about February 3, 2023 from WSFS Bank, FSB Account x6894, such account held in the name of Summit Trading & Financial Services LLC; and**
>
> **A forfeiture money judgment in the amount of $2,556,085.78, such amount constituting the property involved in the offense to which Defendant pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of "involved in" property as defined in 18 U.S.C. § 982, and/or substitute property as defined in 21 U.S.C. § 853(p). For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied.**

2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

The parties stipulate and agree that the aforementioned asset(s) constitute property involved in defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

DENA J. KING
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
SAMSON AMOS
Defendant

_____ Michael J. Greene
W. ROB HEROY, ESQ.
Attorney for Defendant

Signed this the 25th day of July, 2024.

_____
THE HONORABLE DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE